### No. 662
### CINICNNATI TRAC. CO. v. MYERS
Ohio Appeals, 1st Dist., Hamilton Co.

No. 2509.    Decided Jan. 5, 1925

**1283. WORKMEN'S COMPENSATION—1.** Where Industrial Commission denies right of claimant to receive compensation from an employer who has duly elected to pay compensation, the claimant has a right of appeal.

2. Former law did not require filing of transcript, nor limit proof to evidence before the commission.

BUCHWALTER, J.

This action was brought in the Hamilton Common Pleas by Mardena Myers against the Cincinnati Traction Company for the purpose of recovering for the death of her son, while in the employ of the company. Mrs. Myers had originally made application to the Industrial Commission for compensation, but on the hearing, her claim had been rejected, on the ground that she had not established the fact that she was dependent either wholly or partially. The matter was then brought to the Common Pleas on appeal and a verdict returned in favor of Mrs. Myers.

Error was prosecuted to this judgment and the company assigned three grounds for error:

1. That the record does not disclose any proof of dependency.

2. That the Common Pleas erred in overruling the motion of the company for a directed verdict there being no legal evidence offered by Mrs. Myers as to dependency, and that in the evidence submitted, there was no showing of dependency.

3. That the court erred in its general charge to the jury in directing them to determine the matter of dependency from the oral testimony introduced in the case.

The Traction Co. had obtained leave from the Industrial Commission to compensate employees directly, under the provisions of the Compensation Act. The Court of Appeals held:

1. The Compensation Act provides that where Commission denies right of claimant to receive compensation from an employer who has duly elected to pay compensation, the claimant shall have a right of appeal, and that "upon the filing of the petition by claimant against employer the court wherein it is filed shall order the commission to certify to said court a transcript of its record in the claim in which appeal is taken, further proceedings to be had in said cause as provided in appeals against the Industrial Commission."

2. At the time appeal was perfected and pleadings filed, there was no provision in the Code which required the filing of a transcript of the proceedings before the Commission, nor was there any requirement that the claimant should be limited in proof to the evidence produced before the Commission.

3. Sec. 26 GC. provides "whenever statute is amended, such amendment shall in no manner affect pending action, civil or criminal, and when amendment relates to remedy it shall not affect pending actions unless so expressed - - - - - - - etc."

4. Trial court was not in error in allowing cause to proceed and in allowing the introduction of oral proof, nor was it in error in its general charge on dependency. Judgment of Common Pleas affirmed.

Attorneys—Rogers & Simmonds for · Company; Thos. L. Michie and Orville F. Dwyer for Myers; all of Cincinnati.